# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

EDWARD D. QUINN,

    Petitioner,

v.

                                                        Case No. 3:16-CV-857 JVB

SUPERINTENDENT,

    Respondent.

## OPINION AND ORDER

Edward D. Quinn, a pro se prisoner, filed a habeas corpus petition challenging his conviction for voluntary manslaughter and 50 year sentence on August 18, 2000, by the Allen Superior Court under cause number 02D04-9902-CF-81. He raises only one ground. He argues that the trial court violated Indiana Code 35-38-1-2 by waiting 107 days to sentence him after conviction and that the jury was not reconvened for the sentencing hearing.

First, violations of State law are not a basis for habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Second, the Sixth Amendment guarantees the right to a speedy trial, but not to speedy sentencing. *Betterman v. Montana*, 136 S.Ct. 1609, 1613 (2016). Third, habeas corpus petitions are subject to a strict one year statute of limitations, and this petition is untimely.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

> United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In response to question 16 asking him to explain why the petition is timely (which includes the text of the statute quoted above), Quinn wrote, "This petition should be deemed timely as Plaintiff was not aware of information of the this law until recently." (DE 1 at 8.) Neither that response—nor anything else in the petition—indicates that this claim is based on a newly recognized Constitutional right or that a state-created impediment prevented him from filing this petition sooner. Therefore 28 U.S.C. § 2244(d)(1)(B) and (C) are not applicable to this case.

However, because he argues that he has only recently learned about the State statute, the Court will consider whether 28 U.S.C. § 2244(d)(1)(D) is applicable. To qualify as a claim based on newly discovered evidence, the claim must be presented within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The Seventh Circuit has made clear that the time runs from the date when the evidence could have been discovered through diligent inquiry, not when it was actually discovered or when its significance was realized. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001). In 2000, Quinn knew the date on which he was convicted. He also knew the date when he was sentenced. These are not recently discovered facts. Nevertheless, Quinn is arguing that the habeas corpus statute of limitations should not

begin until he believed that he should have been sentenced more quickly after he read the statute. This argument was rejected by the Seventh Circuit in *Owens*. "He proposes that the year to file a federal petition begins when a prisoner actually understands what legal theories are available. That is not what § 2244(d)(1) says." *Owens*, 235 F.3d at 359.

> If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit, as Owens's case illustrates. Like most members of street gangs, Owens is young, has a limited education, and knows little about the law. If these considerations delay the period of limitations until the prisoner has spent a few years in the institution's law library, however, then § 2244(d)(1) might as well not exist; few prisoners are lawyers.

*Id.* Thus, 28 U.S.C. § 2244(d)(1)(D) is not applicable to this case.

Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the 1-year period of limitation began on the date when the judgment became final upon the expiration of the time for seeking direct review of his conviction and sentence. On January 10, 2002, the Court of Appeals of Indiana affirmed his conviction on direct appeal. *See* Indiana Clerk of Appellate Courts Online Docket, https://publicaccess.courts.in.gov/docket/Search/Detail?casenumber=02A05-0102-CR-00066&eepz=asdf and *Quinn v. State*, 762 N.E.2d 792 (Ind. Ct. App. 2002) (table). Though he did not file a petition to transfer to the Indiana Supreme Court, he had 30 days to do so. *See* Ind. R. App. P. 57(C). Therefore the 1-year period of limitation began on February 12, 2002. It expired a year later on February 12, 2003. Because this habeas corpus petition was not signed until December 8, 2016, it is nearly 14 years late.

Quinn filed a post-conviction relief petition on July 1, 2003.[1] *See State v. Quinn*, 02D04-9902-CF-81 (Allen Superior Court filed February 22, 1999) available at Odyssey Case

---

[1] He withdrew that petition on May 3, 2006. More than two years later, he filed another post-conviction relief petition on June 16, 2008, which was dismissed on January 28, 2009. More than four years after that, he filed a motion to correct sentence on June 3, 2013, which was denied on July 2, 2013. The next month, he filed a motion for an alternative sentence on August

Management System, http://mycase.in.gov/default.aspx. Had he filed it on or before February 12, 2003, it would have tolled the 1-year period of limitation. *See* 28 U.S.C. § 2244(d)(2). However, once the deadline expired, filing the post-conviction relief petition did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Because this habeas corpus petition is untimely, it must be dismissed. Though this might seem harsh, even petitions that are one day late are time barred.

> Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests, and limitation periods work both ways – you can be sure [the petitioner] would not be pooh-poohing the prosecution's tardiness if [he] had been indicted one day after the statute of limitations expired for [his] crimes.

*United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citation omitted). *See also Simms v. Acevedo*, 595 F.3d 774 (7th Cir. 2010).

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id*. at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id*. As previously explained, this petition is untimely. Moreover, even if it

---

8, 2013, which was denied on August 16, 2013. Nearly a year later, he filed a motion to correct erroneous sentence on July 30, 2014, which was denied on August 15, 2014. More than half a year later, he filed a petition for additional credit time on April 6, 2015, which was denied on April 30, 2015. Two months later, he filed another petition for additional credit time and a successive post-conviction relief petition on July 6, 2015, which was dismissed on July 14, 2015. The deadline for filing a federal habeas corpus petition expired before any of these events, but even if every one of them had tolled the habeas statute of limitations while they were pending, roughly nine years would have nevertheless elapsed.

were timely, it does not present a basis for federal habeas corpus relief. Because there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For these reasons, the Court:

(1) **DISMISSES** the petition pursuant to Habeas Corpus Rule 4 because it is untimely;

(2) **DENIES** a certificate of appealability; and

(3) **DIRECTS** the Clerk to close this case.

**SO ORDERED** on January 17, 2017.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE